UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LASHAUN JONES-GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CV-299-KAC-JEM |

**ORDER & REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court on Plaintiff's Applications to Proceed In Forma Pauperis With Supporting Documentation ("Applications") [Docs. 1 & 9] and the Complaint [Doc. 2]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Applications [**Docs. 1 & 9**] but **RECOMMENDS** that the District Judge **DISMISS** the Complaint [Doc. 2].

## I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed Applications with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Docs. 1 & 9; *see also* Doc. 13]. Plaintiff attests that he has no money in his savings account, and his Certificate shows that his average balance in his inmate account for the last six months was $76.52 [*See* Doc. 13 p. 1]. The Applications and Certificate demonstrate that Plaintiff has little income and few assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Applications [**Docs. 1 & 9**].

Because Plaintiff is an inmate in the Blount County Detention Center, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the Court directs the custodian of Plaintiff's inmate trust account to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court also **DIRECTS** the Clerk to forward a copy of this order to the Court's financial deputy. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). To survive an initial review under the PLRA, a

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**A. Summary of the Complaint**

Plaintiff has filed a lawsuit against the United States [Doc. 2 p. 1]. His lawsuit appears to relate to an underlying federal criminal matter [*Id.* at 3]. According to Plaintiff, his co-defendants took a plea deal, but he did not [*Id.* at 4]. Plaintiff states he has been incarcerated since August 2025, but discovery in the case does not identify the role he played in the conspiracy [*Id.*]. Plaintiff claims he is "being illegally detained" and that "they're trying to scare [him] into taking a plea[,]" without specifying "what [he has] done" [*Id.*]. Plaintiff asserts, "They said two people will testify against [him,]" but the discovery does not show who he "distributed to" [*Id.*]. He states his name is LaShaun Gibson, but he is "locked up under LaShaun Jones" [*Id.* at 4]. Plaintiff further asserts there was an illegal search and seizure, he has no criminal history, and his "case is not being handled correctly" [*Id.* at 4–5]. He asks the Court to resolve the situation [*Id.* at 6].

**B. Screening of the Complaint**

Plaintiff utilizes the form complaint for violations of 42 U.S.C. § 1983. Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant

caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S.144, 150 (1970).

Plaintiff names the United States as a Defendant. "The United States is not subject to suit under § 1983 because of sovereign immunity." *Fluellen v. U.S. Dep't of Just. Drug Enf't Admin.*, 816 F. Supp. 1206, 1214 (E.D. Mich. 1993) (citations omitted).[1] Given that, the undersigned recommends dismissing his Complaint.

## III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs [**Docs. 1 & 9**] [2] but **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].[3]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[1] Plaintiff references an unnamed "Judge" [Doc. 2 p. 3], but "an official-capacity claim against a federal judge . . . is barred by the United States' sovereign immunity. *Young v. Campbell*, No. 3:24-CV-1177, 2025 WL 242536, at *2 (M.D. Tenn. Jan. 17, 2025) (citation omitted).

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).